Good morning, Chief Justice Ginsburg. May it please the Court, Scott Miser on behalf of the United States in this case. The superseding indictment here alleges a scheme to obtain commercial driver's licenses by bribing, among others, a state contractor charged with administering the skills portion of the driving test. The two principal questions before the en banc court are first, whether breach or attempted breach of a fiduciary duty is an element of honest services fraud, and if so, whether the indictment in this case states an offense for honest services fraud. We submit that the answer to both questions is yes. I'll start with the fiduciary duty question, which we submit as controlled by the Supreme Court's recent decision in Skilling v. United States. The relevant analysis from Skilling, in our view, moves in two steps. The first one is that in enacting Section 1346 in response to the Supreme Court's decision in McNally, Congress intended to reinstate the body of lower court case law that the Court had abrogated in McNally. And the second step is that that body of case law uniformly involved schemes to defraud with the participation of fraudsters acting in violation of a fiduciary duty. So what that tells us is that when Congress acted in Section 1346, it enacted a statute to that – sorry, it reinstated a body of case law that already included within it a fiduciary duty component. And the Supreme Court's description of that was not that it uniformly involved fiduciary duty, was it? What did the Supreme Court say? I believe the Court's exact language, Your Honor, was that the vast majority of the cases involved actors acting in violation of a breach of fiduciary duty in a bribe or kickback scheme. But again, I think that the vast majority there was referring not to the fiduciary duty aspect of the pre-McNally case law, which we submit was universal or virtually so, but to the bribe and kickback conduct covered by that case law. Because, of course, the pre-McNally case law also included failure to disclose cases, what the government called in Skilling undisclosed self-dealing. And that was the category of conduct in Skilling that the Court held could not survive the vaidness challenge and is no longer a part of Section 1346. Alito, could you tell us what it is that we're permitted to review? As I understand it, the district court dismissed the indictment at the pleading stage, and yet there's a fair amount of discussion in the briefs by both parties with regard to the terms of the contract and basically items of evidence that have yet to be admitted before the jury. Isn't it the jury that has to decide whether the nature of the relationship arises to something akin to a fiduciary duty? We agree with that position, Your Honor. The panel dissents, Judge Fernandez dissents, and the panel reviewed, applied what we think is the correct standard of review. It's the one that's usually applied to the, in reviewing the dismissal of indictment. So we think that the proper inquiry here is to look at the face of the indictment, the allegations in the indictment. Now, it's true that both parties throughout the proceedings have relied on and referred to the contracts. So the Court certainly could find a waiver, Judge Fernandez alluded to that point in a footnote in his dissent, but we think the proper inquiry really is the one that's  which is trying to get into the language of the contract and reconcile what we think are competing inferences that can be drawn from that. This gets us into the second question, and I, which is, which is fine, but I didn't actually hear your answer, your answer to the first question. You said we have a first question and here's what the Supreme Court did, which is to reinstate the case law. But I have yet to hear what it is the United States believes is the law as to the requirement of fiduciary duty. Is there or is there not a requirement of fiduciary duty? There is, Your Honor, and that is our position. Okay. So you agree with opposing counsel on that. So there really is no first question at all. Well, the Court, the Court is not bound, I think, by the parties' concessions as to what a statute means. Well, there's no point in arguing something that you and opposing counsel agree on. We may disagree with you, and I guess if we have any questions on this, we could do it. But your answer is you agree with the other side, there is a fiduciary duty requirement. That's correct, Your Honor. Okay. I'm happy to address the second question. I'm happy to answer it. I mean, I just want to make sure we are focusing. And I think, I believe Judge Tolan's question went to the second question. I don't mean to keep you from getting there. I just want to make sure that we have on record what your view was. So you agree with, on the first question. So the second question is how do we review, how do we review, so the second question is whether it would be more complex than you phrased it, which is fine. And that is the, how we review it, in making the determination as to whether there is a sufficiently alleged. Your view is we look at the indictment. And when we look at the indictment, I don't see any allegation of a fiduciary duty or anything at all. Why doesn't the indictment get dismissed for simply for failure to allege a fiduciary duty or it doesn't say fiduciary duty, right? That's correct, Your Honor. It doesn't say trustee. It does not. It does not use any of the language that would normally give notice to a person of ordinary intelligence and legal skill that a fiduciary duty is alleged. Why doesn't this Court get affirmed for failure to allege, because the indictment is defective, for failure to allege a fiduciary duty? Well, we think, Your Honor, that, again, applying that settled standard review. I'm sorry. Fiduciary duty relationship. Excuse me. Yes, Your Honor. I understand. We think that, again, applying the settled standard review, what we then look to is we construe the indictment, accepting the truth of all the allegations, and look to it as a whole. I'm looking at the indictment. Why don't you point me to the thing to construe and how it could be construed? What are the actual words that you are relying on? I'm happy to walk through the indictment. I think, again, we have a couple of features in the indictment that are critical. One is paragraph 17 of the indictment, which sets forth rather distinctly what the scheme to defraud here. And it uses the language of the statute. Now, normally, when a statutory language is clear, that's all that the indictment tracks, the language of the statute, then it will give sufficient notice. Here, we have a statute that has been construed by the Supreme Court, and so if the Court is inclined to view the statutory language as not itself clear, we at least have a starting point with a statutory language there that signals a right to honest services and tells the parties which, who's the victim. That is to say, who had the right to honest services. And here, it is the Washington Department of Licensing set forth clearly there. Now, if we go back to the beginning of the indictment, I think we see that there's only one party in the indictment alleged to have the kind of relationship that would give rise to any kind of right to honest services, and that's Lamb. Starting in paragraph four of the indictment, he's alleged to be a contractor with the State and at all times relevant to the charges, certified by the State. And then the indictment moves on to describe what his role is, what a third-party tester does. Mr. Meisler, when you say he's certified by the State, what is he certified as? I mean, what's that process? There's no information, to my knowledge, in the record, about what the actual certification entails. Well, what it means in this context is that he is the one on the State's behalf who administers the skills portion of the driving test, who decides whether the applicant is, for lack of a better word, roadworthy or not. So that's paragraphs 12 and 13, correct? It describes the relationship of the third-party testers with the State. That's correct. I think, again, it would incorporate the allegations above that, which explain what the third-party tester does, what the test entails, how long it takes, what kind of responsibilities this person is exercising. And then it continues on, Your Honor, in paragraphs 14 and 15, and basically explains that the third-party tester's signature on a State-issued form is the one that's submitted to the State and then leads to issuance of the commercial driver's license. Counsel, have you provided us any case law that would support the notion that a third-party independent contractor has a fiduciary relationship with the entity with which he contracts? I'm not aware of any pre-McNally law that has that exact fact pattern. We've pointed the Court to a number of cases, both pre-McNally and post-McNally, where someone who is not, strictly speaking, an employee or an agent has been found to owe a fiduciary or comparable duty of loyalty. Specifically an independent contractor? Well, if we view consultants, for example, as independent contractors, which some of them can be viewed that way, I think that the Vector case for the Eleventh Circuit, which involved a financial advisor, independent, a consultant hired to help a county select a new underwriter for its bonds, that's a post-McNally case. But it was cited by the Supreme Court in Skilling for the point. And it also involved, I should say, a bribery scheme. The Supreme Court referred to rebicki as being, in quotes, the leading analysis of 1346. And in that case, the Second Circuit indicated that there's a relationship that gives rise to a duty of loyalty that is comparable to that owed by employers or, rather, employees to employers. Is the government going on that theory, basically, in order to bring these independent contractors into this statute? We are, Your Honor. That's the same language that this Court cited with approval in the Williams decision, which, again, is pre-Skilling, but that's the same passage of rebicki that this Court quoted in Williams. May I ask you a subsidiary question? I don't want to divert you from this. But in deciding whether the relationship is a fiduciary relationship, is that a matter of State law? Is it a matter of Federal law? Is it sort of like the categorical approach, where there is a generic Federal fiduciary relationship, which could be formed by State law? Or is it something that varies from State to State? And let me just make it specific. I mean, it may be that the testers that do this in the State of Washington have certain responsibilities under State law, whereas there are similar people in California who do a very similar job, but they have a different relationship and State law may treat them as not being fiduciaries. How would that work? Do we look at State law? I mean, obviously, we have to look at something about what they're doing, right? It is not independent of State law. Well, this contract, for example, well, let me try to answer Your Honor's question more generally first, and then I can move to the specifics here. Our position is that State law, that the standard, the fiduciary standard is a Federal standard, and it would have a uniform definition, essentially, across all jurisdictions. That isn't to say that State law, in some aspect, couldn't be formed. And then some – I'm sorry. And then we then look at the situation in a particular State and see whether it fits the Federal – whatever the Federal definition is, right? Yes. I think normally, Your Honor, that's going to be a question for the jury in the first instance, and because as Judge Talbot said – No. In the second instance, the first instance, we have to look at the indictment to see whether you've alleged something that could. I mean, if, for example, this is sort of a chicken sex, for example, you know, which is a, you know, State function is a guy who figures out whether the chickens are males or females, you might say, you know, you alleged an indictment. We'd have to look and see what it is this official does to see whether it's a fiduciary duty, whether there is conceivably a fiduciary duty under Federal law. That's true, Your Honor. I think that's true, that accepting that if there were detailed allegations in the indictment, accepting all of them as true as a matter of law, no juror could find – I mean, it would be much easier if you had said here, and I realize that this was prior to this killing and all that, that we said in breach of fiduciary duty had been alleged expressly, then the problem would probably go away, at least the notice problem. But you didn't do that here. So somehow we have to infer from the words you used and something in the real world that we know about the way these things work in the real world, that this meets a Federal definition, right? Well, that's correct, Your Honor. That's correct. What is it here that makes this contractor any different than somebody who, let's say, is certified to clean floors in State buildings? I mean, how is this contractor different from the folks that we hire to, you know, clean up empty trash cans, clean the floors and the like? Well, that's a good example, Your Honor. But I think that there's two features of this relationship that I think are crucial. One is that this contractor acts on behalf of the State vis-a-vis third parties. He deals with third parties on behalf of the State. And secondly, he's essentially the State's gatekeeper. He's binding the State. As far as if we can't construe the allegations in the indictment with respect to his sign-off on these licenses, his word is essentially binding the State to issue a governmental benefit. So those are two things about this relationship that distinguish it from the example of the building or someone who's contracted to cut the lawn, even if there are performance standards in the contract. The person's, again, dealing with third parties on behalf of the State, which is a hallmark of agency relationships. And what we've cited to the restatement, third, and the commentary to the restatement in support of that. So that's – those are things we think two crucial features of this case distinguish it from the run-of-the-mill contractor relationship. And can you – excuse me. Can you just point to me which language specifically here you rely on for those things in the actual language of the indictment? Which actual words? Well, again, I think, Your Honor, it starts really with paragraphs 10 through 15 of the indictment, which describe the role of the third-party tester, what he's actually doing as a general matter, what third-party testers do. And then those that – those standards are applied to Lam, Defendant Lam, who is the third-party contractor here, third-party tester here. It's applied to his conduct, starting with paragraph 17, the main substantive paragraph, and then the description of the scheme in artifice. And I point the Court to paragraph 21, where it describes how he mailed or faxed his falsified CDL testing logs to the DOL purportedly to remain in compliance with the rules and regulations to which he had bound himself in the contract. And skipping a paragraph to 23, describing the exact method he used was listing the applicants as having failed the first time and passed the second time to make his logs appear legitimate to the DOL auditors who were supervising him. So we're talking about topics like reliance and control, which are some of the criteria we use in deciding who's an agent and who's a fiduciary. I'm sorry, now how is that different from a – from a janitorial service that is supposed to certify the end of each week that they did, in fact, clean every room and empty every trash can and they wiped, you know, all the desks and did all those – you know, all those things? And let's say they have a certification requirement of the week saying, yes, we actually performed these services. How is that different? Well, I think one way it's different here is that the falsification leads directly to, and this is what the rest of the indictment says, leads directly to the issuance of a State benefit to the third party on whose behalf the contractor falsified the documents. And where is that? Well, again, Your Honor, I think that's construing the indictment generously by looking to – I understand you construed it generously, but I just want to know which specific words are you now saying are being construed? Well, it's 21, 23, and then we move to each specific – each of the four defendants, each of the four applicants. Mr. Oat in paragraphs, excuse me, 27 – I should say, sorry, 24 through 29. In each of the – each of the lead paragraphs describing each of the applicants, you have Lam falsifying the result, signing off on the form. The applicant turns that form in. The State then looks at that form and issues the – or actually has another party issue and prints the permanent commercial driver's license for the applicant. And which paragraph is that alleged in? It's not alleged in one single paragraph, Your Honor. That, I think, is the gist of what paragraphs 24 through – You know, I get really nervous when lawyers talk about gists. We're construing a piece of paper, words on paper, and I don't know how to construe gists. I know how to construe words. So I just want you to tell me which are the actual words you're asking us to construe. You know, if the answer is none, then we have to deal with that. But which words? Well, I think I tried to answer, Your Honor, before and say that there's no one paragraph that alleges – that has the description I just gave to you. That's my description of what the indictment contains. But I think surely read, that is the bottom line of the indictment. It says – it describes this third-party contractor, Mr. Lamb, his role, and describes how the steps he took in his capacity as a third-party tester led directly to the issuance of the commercial driver's license. Which part talks about issuance of commercial driver's license? That's both paragraph 17 and the section I just alluded to, which starts, I guess, at paragraph 21 and proceeds through paragraph – through 49, through the remainder of the description of the scheme or artifice of the fraud before these specific counts are listed. Counsel, if we disagree with you, couldn't you, if you really think the contractual language supports a heightened duty, simply just file a superseding indictment? That's possible, Your Honor, depending, of course, on how this Court rules. That is a possibility. I mean, if you really think, if you have reason to believe that something outside this indictment supports your theory that a fiduciary relationship exists, you could do that, couldn't you? That is correct. I guess, depending, again, on what this Court – on how this Court addresses the case and how the Court rules. Counsel, if we did that, how would you change the indictment, the language? Well, I'm hesitant to ignore a suggestion by the Chief Judge. So we may have in there a specific language about breach of a fiduciary duty. And that would be the first change, I think. And I haven't thought through exactly what language we'd include beyond that. But I think the – perhaps we would look to the Eleventh Circuit's decision in De Vector, which, again, did not include the specific words, breach of a fiduciary duty, but did discuss how the consultant in that case – how he was supposed to give independent advice free from complex of interest. That was a bit different, of course, but we could adapt the language to the facts of this case. I'm a little concerned about not just Mr. Lamb, but the other folks. Let's assume for a moment that we agree with the government's position that you've adequately alleged construing the indictment generously, an honest – honest services violation. But the rest of the people, you have to pull them in on an aiding and abetting or a conspiracy theory, right? Yes, Your Honor. Justice Scalia was very concerned, I think probably continues concerned after Skilling as well, that people don't have notice, basically. There's no fair notice on their part that they would be violating the law. Would you like to address that point? I mean, the Chief Judge has pointed out you don't have specific language here. You really have to read this very generally to meet your test. But let's say you do. What kind of notice is really given to the other defendants such that aiding and abetting or conspiracy theories would appropriately apply here? Well, I'm not aware that an as-applied, that the defendants, either Mr. Lamb or Mr. Milovanovich or the applicant defendants have raised an as-applied bateness challenge, but that's really, I think, how that would play out, is the Supreme Court's ruling in 1846 as pared down to bribery and kickback schemes is not vague across the board. So then you'd be alleging an as-applied bateness challenge. And what the defendants, what the Court would look at is whether on the particular facts and circumstances of this case, the defendants had fair notice that their contemplated conduct was, and that's a standard, I believe, contemplated conduct was forbidden. And so the Court could look at that and take that up on the facts of the case. And we would submit here that someone who engages in a scheme to defraud, via bribery, a state contractor to get a state benefit, to get a state license. Kind of self-evident in the fact that you don't really need to get very far. Yes. And this Court has repeatedly rejected as-applied bateness challenges in Bahanas, which was kind of a signature pre-McNally, honest services case that the Court cited in Skilling. And in Frege, which is a case from the 90s involving judges. And a plaintiff's attorney. And in Williams as well. So the Court has repeatedly rejected those kind of as-applied bateness challenges when the conduct to a reasonable person would provide fair notice. You have about seven minutes left. I would reserve the time if the Court has no further questions. You are Mr. Smith? Yes, Your Honor. Are you splitting your time? We are going to attempt to split the time, Mr. Fisher, Mr. Naby, and I, equally insofar as that is reasonably possible. We recognize the fact that's difficult to do precisely, but that is our intent. All right. So we will not hear from Mr. Fisher? Pardon me? Okay. All three of you? Mr. Fisher, Mr. Naby, and I will split our time equally. Three ways. Yes. I heard Mr. Naby. I didn't hear you. Okay. So I'll try to remind you when you are 10 minutes into your time. You may go ahead. And you represent? I represent Defendant Apelli Alexander Georgia Beck. He is one of the licensees. Okay. He is one of the licensees. The government's position and what they want this Court to adopt would undo what the Supreme Court attempted to do with skilling, and that is to avoid a vagueness of the statute. Skilling required, and the government agrees, the fiduciary relationship of fiduciary duty, and the government has agreed with that. The government also has agreed that none of the defendants, and particularly Mr. Lamb, who I think addressed that issue, were fiduciaries. Mr. Lamb was the only one who could even be brought into a proximity of that. So they attempted to go to a fiduciary-like responsibility, a quasi-fiduciary like fiduciary responsibility. I don't think that's a fair characterization. It is what they've argued in their briefs throughout, that they stand in the shoes. They are quasi-public officials. They are very likely. I think fairly construed what the government is arguing is they do have a fiduciary relationship, even though they're not employees. So they're not quite an employee-employee relationship, but it's close enough. And I believe that you can argue whatever you want, but what I ask of the government to say is there is a fiduciary relationship here, and there's one alleged. The government has said repeatedly, and I don't want to continue to repeat what may be a differing interpretation of the government's argument, but it's repeatedly referred to a fiduciary-like relationship. In the district court, they conceded that none of the defendants had a fiduciary relationship as a result of any contract or anything else. They were specifically asked by Judge Shea at the hearing, are you saying they were fiduciaries? You know, they may have said that. I don't think they take that position now. Unless you take the position that they waived it by making that concession below, I think you better assume they're arguing a fiduciary relationship and try to answer that argument. And I think that they fall short of establishing a fiduciary relationship. Counsel, in determining whether there is or is not a fiduciary relationship in any given case, do you agree or disagree with opposing counsel's assertion that that is a Federal question and there should be a uniform standard for deciding who is a fiduciary? I think that is an impossible question to do on the Federal level, since contract law, agency law, all of that is a creature largely of State control. Well, why can't you have, just like you have generic burglary, for purposes of the categorical approach, why can't you have generic fiduciary relationship? You might be able to if the statute establishes that. You say it's impossible. I say, why is it impossible? Why can't you have a... Under the current statute, it is impossible because the statute says nothing about what constitutes a fiduciary relationship. I think that Congress perhaps could enact a statute that spelled out what kind of relationship is required. Well, the statute doesn't say fiduciary, does it? Pardon me? You wouldn't expect the statute to find it's fiduciary when the statute doesn't contain the word at all, does it? It doesn't contain anything about the relationship required. So what's the logic in limiting the duty imposed by the statute or the reach of the statute to those that have a fiduciary duty under State law? I'm sorry. I take it the proposition you're offering up is fiduciary duty is inherently a State law issue. I'm asking what's the point of a Federal statute that limits its reach to those that have a fiduciary duty as defined by State law, which I take it to be the position you're responding. If we could compare this, and the government has raised in their argument the Lupton case from the Seventh Circuit, which dealt with Section 661. When I'm saying it's a creature of State law, it's because right now there is no definition in the statute about the relationship required. 661 does define agent as used in that section, in Section 661. Certainly in 1346, Congress could establish a relationship. They could call it a fiduciary. They could call it an agency. They wouldn't even have to title it. They could simply say, whoever does this. They did not do that. All we have now. Didn't they do it using the phrase, intangible right to honest services? Isn't that where we look to determine what services the, I guess in this case, the State was entitled to receive in an honest fashion, for breach of which there may be a violation of 1346? If we are going to hang our hat on the right, only on the right to honest services, then we are talking about how can we limit the application of the statute in any way. It would apply to every contract, because every contract has an implied right of honest services. Mr. Greenberg said not to every contract, to those contracts that involve kickbacks and bribes. And here, in order to determine what the nature of the services are, don't we have to look at the evidence, which in this case happens to be a contract, between your, actually not your client, but Mr. Lamb, and the State for the provision of certain services that the State could otherwise do for itself, but chose for whatever reason to hire Mr. Lamb. And then ask ourselves, on the basis of that evidence, as a matter of Federal law, is that sufficient to create a relationship akin to a fiduciary one, where a breach of which, as part of a scheme and artifice to defraud and the use of the mails, violates the wire and mail fraud statute? If we are talking only about Federal law now, and I think it's important again to go back to Skilling, who did limit the application to bribes and kickbacks. But those who are acting in violation of a fiduciary duty, the statute does not tell us what that means. Well, there's reason for that, and that is the vagaries of the human imagination. There are so many different ways that a fraud artist can concoct in order to deprive the victim of either money, property, or in this case, honest services, that it would be impossible for Congress to define it in the way that you're urging us to require. And the Supreme Court seemed to say in Skillings that if there is evidence of kickbacks and bribery as part of a scheme and artifice to defraud, then it could reach a scheme like the Second Circuit found illegal in Rybicki. So why isn't that sufficient under judicial interpretation of the statute to save this statute and to reverse the district court? Because that's going to require interpretation. It's not going to give notice. It's not going to provide any guidelines. Well, look at the facts of this case. What's surprising about the determination of what scheme is alleged here? I don't know if it's just alleged, but if we accept the truth of the allegations, is it hard for anybody to figure out, gee, that's wrong? The alleged conduct may perhaps be wrong. Okay. So where's the notice problem? The notice is in the statute itself, or the failure to notice the notice. Well, that sounds like sort of a facial kind of challenge that Skillings shot down. As applied in this case, I'm having trouble figuring out what the notice problem is. It's not facial because of the requirement of a fiduciary duty. Which brings me back to the question I posed. You're taking the position that fiduciary duty is a creature of State law, varies from State to State. What possible logic is there into reading into the Federal statute something that changes from State to State like that? And keep in mind, I don't accept the proposition that the two parties sitting in front of us do accept, that the legal interpretation reads fiduciary duty into the statute. What logic is there in reading fiduciary duty as such into the statute? Does it doesn't clear up confusion? It seems to invite even more confusion. I think the logic for reading that into the statute, and Skilling did that, read it into the statute, it's the same logic that reads into the bribe and kickback limitations, that otherwise the statute is hopelessly broad. And the problem with Skilling is it cannot, it did not, and the statute does not, tell anybody what a fiduciary is. And again... So how does that clear things up? How does reading fiduciary in solve the problem that Skilling is aimed at addressing? It's our position. And I pose that question because the hidden premise of my question is that Skilling didn't introduce that element because it understood that fiduciary as such doesn't clear anything up. I'm operating on the position that we have agreed, the parties have agreed, that Skilling did require fiduciary. Well, do you disagree with the government's position that this Court is not bound by the parties' common understanding of interpretation of law? Do you think we are bound by the fact that the parties appear to agree, at least in terminology, as to the insertion of the word fiduciary? And that Skilling said that. I don't think so. Where did Skilling say that? It defined the core cases. Well, I've gotten you past your 10 minutes, but let me tell you, I don't think Skilling said that. It defined the core cases. Can I just ask a slightly different question because I think we've made that point clear? Are you asking us to distinguish among the defendants named in the charge in the indictment on the basis of their unique participation in the scheme? When you stood up, you said, well, my client is a licensee. Would he, if supposedly we're to find that Lamb was sufficiently unnoticed, is there a distinction to be made between Lamb and your client? For purposes of our argument here and the motion to dismiss in the district court, that distinction does not come into play. That, as the government has stated, and we do agree, the only way to bring in anyone other than Lamb is under some sort of aiding and abetting or conspiracy theory. And conspiracy is alleged. Pardon me? Isn't a conspiracy alleged? Not, you know, not very clearly. Not sufficiently in your view? Not sufficiently. It talks about what each of the people did. It talks about what Mr. Lamb did. It talks about what Mr. Malabonovich did. But you're willing to the time of your co-counsel? Yes. I have gone over my time, so with the Court's permission, I will. I think stopping talking will stop the clock. And that's the best way you can achieve. It's a very difficult thing for a defense attorney. I can tell. Good morning, Your Honors. Bob Fisher for Mr. Malabonovich. Just to be clear, the defense all agrees that there is a fiduciary relationship necessary as an element of 1346. The government has conceded that. We got that. This is being clear on something that is not there. And the elements necessarily have to be spelled out. Why? Almodoros-Torres. If the indictment had said X, who is a trustee appointed by the superior court to administer this state of Y, who is an incompetent, and in doing that, he took a bribe, why wouldn't you agree that that would be enough, wouldn't it? I agree that that would be enough. Yes or no? Yes. Okay. And the reason... Well, why don't you just stop? You answered my question. Okay. That would be enough. So there's language you can use in an indictment that would give plenty of notice that somebody is a fiduciary, like using the word trustee, right? Correct. Okay. And you don't have to say in violation of fiduciary duty or anything of that sort. So the only thing we're talking about here, assuming we accept this, I mean, Judge Clifton doesn't accept, but assuming we accept the concession from the government that there is a fiduciary requirement in the statute, then why isn't the language used here enough to give notice of a fiduciary relationship? I mean, these are, if you read the indictment fairly, what they said is these are people who hold in their hands the lives of the people on the road who drive alongside these commercial vehicles that might kill or rape them. And the way the state ensures that these folks are qualified to drive the vehicles is by having these testers who determine whether they are qualified. And by undertaking this responsibility, they undertake a function which at its core involves the safety and the property, you know, the lives and the safety of people on the road. And when they violate their duty, they are putting into jeopardy property and lives and health of the public. Why isn't that enough for a common understanding to understand that this is a fiduciary type of relationship? Judge, because that describes like the indictment who these people are, who the defendants are, what the defendants do, what they're alleged to have done, but it describes nothing as far as a trustee or a relationship. There is no description within the indictment. That would be a conclusory allegation of law, wouldn't it? All you have to do in an indictment is plead facts. Describing somebody as a trustee is a conclusion of law. Saying it's a fiduciary duty is a conclusion of law. What about the facts recited by the chief judge are insufficient to give advice to your people that this is a bribery scheme involving defrauding the State? Well, in answer to that, Your Honor, none of the ñ none of what describes these individuals indicates that there is any duty of good faith, fair dealings or full disclosure. Except as to Lamb. Mr. Lamb is described as, in paragraph 12 of the indictment, as being a man who is certified by the State to administer the skills test. So he is representing the State in giving the skills test. He's also required to maintain a CDL tester log as a regular form by the State and he is to have that log available for audit. Doesn't that tell you that the State is reposing a certain trust and confidence in Mr. Lamb to be their representative and give these tests? Doesn't that give it to you? It does describe that Mr. Lamb is supposed to follow State procedures. Honestly. Honestly. Or do you mean to this that the DOL can administer the skills test with his fingers crossed? No, Your Honor. Honestly and in good faith. Exactly. There is a third part of the fiduciary relationship which was contracted away and that was full disclosure or loyalty. Because Mr. Lamb is not an agent of the State, as Judge Kaczynski was asking, can we form a Federal articulable description of what a fiduciary is? And I say yes, if it's not spelled out in the statute. Counsel, if we were to disagree with your position and find that the indictment sufficiently describes Mr. Lamb as being a fiduciary, why wouldn't everyone else be brought in under count five, which is the conspiracy count? Why wouldn't that suffice or would it suffice to bring everyone else in also? Well, that's what, Your Honor, Judge, that's what perplexed me in the beginning of this case is that there to me initially appeared to be no victims in this case. And I would include even the State of Washington. So if all the victims are brought in under the conspiracy who normally would be the victims, they were deprived of perhaps, if you were to name them as victims, then they wouldn't be brought under a conspiracy. I don't understand your answer. If there's one person in the indictment who is a fiduciary and fits, assuming we accept this definition of the crime, if there's one defendant who is fully alleged to have committed the crime described by the failure to give honest services and all the other defendants are described as having conspired to achieve that goal, is there a way in which those other people can be excised from the indictment? I'm not sure I'm making my question clear enough for you. I've never really given that great consideration, Your Honor. Let me come at it a different way. Aren't you really arguing that there's no proof of money or property being taken? But the prong that we're looking at here is the honest services prong. And to the extent that there is a victim here, it's the state specifically because of the nature of the relationship with Mr. Lam and with your client to provide honest translation services, but also the right of the public to be safe on the roadways from qualified commercial vehicle operators. And that doesn't require that any money be lost. I mean, the state got paid its driver license fee for whatever these licenses cost, but it was the bribes that your client solicited from the applicants and then a portion of which he paid to Mr. Lam that resulted in, under the government's theory, is charged in the indictment in the deprivation of the honest services that the state had a right to expect from both your client and from Mr. Lam. I mean, isn't that what the indictment says? Well, Your Honor, Judge Talmadge, I would say exactly, agree with you exactly as to your comments about 1341. 1341 is property or money. Then in 1988, in response to McNally, we know that the honest services provision of that was added. That requires a, and it is like 1341. The honest services requires a fiduciary duty because you have not just property, you don't have property or money. You have an intangible license, and that's what we're dealing with here. So while we can look at 1341 as the offshoot of the 1346 on a services fraud, we can't mix the two to say that a license is property or money. So we have to work under the 1346, which requires a fiduciary duty like a state employee or, as Williams indicated, a private actor. You have seven minutes left. Actor as a fiduciary. Do you want to yield the rest of your time? Thank you. Good morning. My name is Joe Nappi, and I represent Tony Lam, the last person in the world that would want this court to find a fiduciary relationship is the victim. And that's the state of Washington. The state of Washington enters into these independent contractors to shift liability away from the state of Washington. The last thing they want is some 18-wheel truck to be taking a left-hand turn in a driver's license test and run over a pedestrian. They hire independent contractors to shift that. They don't have to buy any of the equipment. That doesn't matter. They may not want them to be an agent of the state. Nevertheless, they could have a fiduciary relationship. If you hire a lawyer, a lawyer is not a or an accountant. A lawyer, you know, the lawyer then drives to the courthouse and runs over somebody. You're not responsible. But lawyer has a fiduciary relationship to you, right? Yes, he does. These are not the lawyers. The last thing they want is they go out and through that contract and say you're not an agent. You're not going to be my agent. We don't want you to be my agent. That's right. But that's not the question. The question is not whether they're an agent for purpose of tort law. The question is whether Mr. Lam had a fiduciary duty. Again, assuming there is a requirement like that in the statute, whether he had a fiduciary duty to the State of Washington and the public to provide honest reports. It's sort of like if the FAA hired somebody to test pilots as they go on randomly, as they get into planes, to give them a breath test to make sure that they're not drinking alcohol. And let's say they falsified those results, then you've got the people getting on the ground, the people in another plane, all those people are put in danger because the drug test or the alcohol test is falsifying the results. Why isn't that a breach? Wouldn't that be a breach of fiduciary duty? I guess what you're – if I can paraphrase what I think you're saying is do the parties have the right to choose their own relationship? Can they say our relationship is not a fiduciary one? And if they can't, if they can't, and if this court's going to decide what that relationship is, they're not going to be able to pass on that liability to anybody else. Why could parties do that? What if someone did that with their employees, which the Supreme Court clearly has identified as that, I employ you, but by the way, we don't have a fiduciary relationship? Well, or a lawyer. I mean, those are traditional – but also what's traditional. So why would that even be an effective agreement to say you're my lawyer, but you don't owe me any fiduciary responsibility? Would a court accept that? In some relationships, you cannot. I agree. But traditionally – But you can limit your liability for what the lawyer does in driving his car to the courthouse, right? You can hire a lawyer and say, but I'm not going to be responsible, which is usually the way it works. Now, if the lawyer is your – if it's a corporation, the lawyer is on the staff, then the corporation might very well be responsible when the lawyer drives to the courthouse. But if you hire a lawyer, you know, in my private practice, he's an independent contractor, right? I mean, that's what lawyers are, and yet they have a fiduciary duty. Why isn't your client exactly in this situation? He's somebody who, for purposes of tort law, for all the things that he does that involve whether the state would be liable if this were an employee, he's an independent contractor. But he has a fiduciary duty, and that means he holds the lives and safety of the public in his hands when he certifies those tests, and he had better exercise that duty faithfully. Because the state then would just be just fine to hire its own employee to do that. But it doesn't want to. It doesn't want to for whatever reasons. It chooses not to do it because it's cheaper or it's, you know, whatever. It's sort of like if you say, I've got to have my money taken to the bank twice a week. Now, you could buy a Brinks, you know, one of those big trucks and people with guns and all those. You could say, look, I don't have enough business for that kind of thing to hire, you know, to buy my own truck. So what I'm going to do is I'm going to hire an independent contractor, the Brinks company or whatever, Rocking Hood or whatever, and they come around. I hand them bags of cash, and by God, they have a fiduciary duty not to take it to Mexico or to, you know, to Soviet Union or Russia, whatever it's called these days, to run off with it. They have a duty to take it to the bank. What's so weird about that? Well, it's so important. And when the truck runs somebody over, I'm not responsible. Yeah, right. And if this Court says in a criminal action that that's a fiduciary relationship, then they are responsible. Well, Mr. Nappi, are you overlooking a substantive doctrine of Washington law? Washington recognizes the implied covenant of good faith and fair dealing in the execution of contracts. Why can't we look to that State substantive provision in order to read into this relationship an obligation to provide honest services in good faith in the administration of the testing and that that was an expectation that the State certainly never contracted away in any of the provisions of the contract that I read? Well, that's opening a can of worms, in my opinion, because that opens every contract. Because every contract that's entered into in the State of Washington is subject to, you know, good faith. So is it your position that when Mr. Milibandic offered his translation services through his employer to the State, it wasn't for honest translation services? It was for whatever he decided to say that the person had said in Bosnian or Serbian or whatever they were speaking? Nobody's up here saying that these actions were not wrong, morally wrong. But the question is what's the nature of the relationship? Why did they bring it under this Act? What's the nature of the relationship? Isn't that the question that the Supreme Court told you to look at? It is. Yeah. Okay. Thank you very much. Thank you. May it please the Court. I'll try to address a couple of the discreet issues that came up, if I can, first. In response to Judge Graber and Judge Wardlaw's questions, count five in the indictment is a conspiracy count. And so that does rope in all the defendants. Beyond that, counts one through four, which charge Milibandic, Lamb, and then each  And so that does rope in all the defendants. I think are proper under the cases we cited in our supplemental brief to the three-judge panel of 14 and 15. And it's basically that participants in a scheme to defraud, not just the fiduciary themselves, have always been deemed liable substantively under honest services and mail fraud case law. So I don't think there's a way to excise the applicants from the scheme as a whole at the indictment stage. One other issue that came up was, again, the potential uniform definition of fiduciary duty, whether that's a federal law or a state law question. Our position is that it's a federal law question and that there already are out there some examples we can look to of how a fiduciary could be defined. And we've pointed the Court in the footnote in our en banc brief to the Second Circuit decision in Zur, S-Z-U-R, which involves securities and honest services counts. And the Court there drew from the securities case law to, in crafting and approving a jury instruction that the Second Circuit has repeatedly approved since then. What are the elements of that instruction? Well, let me make sure I don't get it wrong. I'm going to try to read it to you, Your Honor. But what the district court there instructed, it's somewhat lengthy, but it captures, I think, the general notion that a fiduciary duty is a heightened duty of loyalty that attaches when one holds property or money or transacts business on behalf of another party. And what the Court there said, and again, the Court in that case treated the existence of a fiduciary relationship as a matter of fact for the jury to determine in the first instance. It said, whether a fiduciary relationship exists is a matter of law for you, the jury, to determine. At the heart of the fiduciary relationship lies reliance and de facto control and dominance. One acts in a fiduciary capacity when the business which he or she transacts or the money or property which he or she handles is not his or her own for her own benefit, but for the benefit of another person. As to whom he or she stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other. And where in the indictment were those notions articulated? Well, again, there was no specific mention of fiduciary and this kind of legal instruction. I'm saying where are those notions articulated in the indictment? Well, I think in many of the passages that Judge Bea was reviewing with my colleagues on their side here, it was in the role that Lamb played as the third-party tester in the person who's transacting business on behalf of the State in dealings with third parties. So this phrase I just read to you, Your Honor, does have the idea of transacting business on behalf of another. And so that I think, again, reading the indictment fairly and generously as we do at this stage of the proceedings, I think those concepts come through clearly. The last issue I'll mention, unless the Court has further questions on these topics, is something that was briefed before the panel and addressed, we just addressed it in a footnote in our en banc brief, which is the district court's apparent conclusion, we think the Court may have jumped the gun a bit, that a foreseeable economic harm was required and that the jury would be so instructed if the case came back for trial. We've pointed out to the Court that since the district court's ruling, of course, skilling came down, and this Court has modified its pattern of jury instruction since then. We think the requirement of proving foreseeable economic harm is inconsistent with this Court's revised pattern instruction, and it's inconsistent with the way the Supreme Court described honest services fraud and skilling, which is not involving money or property. And it makes very little sense, as the panel concluded in this case, to try to attach an economic harm, foreseeable economic harm requirement to a statute that is not trying to prove money or property fraud. So if the case does go back, we think it's proper, as the panel did in its opinion, to address the district court's conclusion and to ensure that if the case goes back and the jury is instructed, that the jury is instructed in accordance with the court's revised pattern instruction, this en banc court's opinion, and not with the notion of foreseeable economic harm the district court had drawn from out-of-circuit case law. So you're arguing for a materiality standard, then? That's right, Your Honor. That's what's in the pattern instruction. That's what the Supreme Court has construed other Federal fraud statutes, including the mail-and-wire fraud statutes, as having. If there are no further questions, we would ask that the judgment bill be reversed. Okay. Thank you. The case is argued as sentence submitted. Go ahead, Your Honor. Thank you, Your Honor.
judges: Kozinski, Graber, Wardlaw, Gould, Paez, Tallman, Rawlinson, Clifton, Bea, Smith, Murguia